# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WILLIAM K. WITHERS II,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-1123** (BOR Appeal No. 2050412)
                        (Claim No. 2005046717)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PIER 1 IMPORTS US, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William K. Withers II, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2015, in which the Board affirmed a March 31, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 1, 2014, decisions which denied a request for a TENS unit and denied a referral to Syam Stoll, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Withers, a store manager, was injured in the course of his employment on June 21, 2005, when a light stand fell and struck him on the right side of his head, neck, and right trapezius. The claim was held compensable for thoracic sprain/strain, neck sprain/strain, abdominal contusion, and contusion of the face/scalp/neck. On November 29, 2006, Jerry Scott, M.D., performed an independent medical evaluation in which he noted that Mr. Withers had a prior neck injury several years before the compensable injury. An MRI taken on January 7, 2006, showed degeneration of C5-6. Dr. Scott opined that the compensable injury resulted in cervical sprain/strain superimposed on pre-existing degenerative disease of the cervical spine, a thoracic sprain, and contusions of the abdomen and face/neck/scalp. Mr. Withers was at maximum medical improvement for the compensable injury and Dr. Scott assessed 6% whole person impairment.

Treatment notes by Ahmet Ozturk, M.D., from October 23, 2007, through June 3, 2008, indicate Mr. Withers was treated for cervical facet syndrome, cervical discopathy, and myofascial pain syndrome. On July 16, 2008, Mr. Withers reported new symptoms of numbness in his right hand and index finger. On May 13, 2009, Dr. Ozturk opined in a medial statement that based on his evaluation, physical therapy evaluation and therapeutic exercises should be authorized in order to manage Mr. Withers's chronic pain resulting from the compensable injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on December 16, 2009, in which he found that Mr. Withers was at maximum medical improvement for the compensable injury. He assessed 15% range of motion impairment. He adjusted the rating to 8% to fit in Lumbar Category II of West Virginia Code of State Rules §85-20-C (2006). Mr. Withers was thereafter granted an additional 8% permanent partial disability award for a total award of 14%.

On July 15, 2010, Bruce Guberman, M.D., performed an independent medical evaluation in which he found that Mr. Withers was at maximum medical improvement and that no further treatment was likely to improve his condition. Dr. Guberman found 0% impairment for the head injury, 8% for the cervical spine, 7% for the thoracic spine, and 9% for the lumbar spine. His combined total impairment assessment was 21%. On November 28, 2012, Shawn Coffman, M.D., stated in a letter that Mr. Withers had chronic pain syndrome with degenerative lumbosacral disease and is permanently and totally disabled.

The claims administrator denied a request for a TENS unit on July 1, 2014. In a separate decision that same day, it also denied a referral to Dr. Stoll. The Office of Judges affirmed the claims administrator's decisions in its March 31, 2015, Order. It found that Dr. Mukkamala determined Mr. Withers was at maximum medical improvement on December 16, 2009. Mr. Withers was granted a total of 14% permanent partial disability for the compensable injury. Dr. Guberman evaluated Mr. Withers on July 15, 2010, and found he was at maximum medical improvement. Dr. Guberman opined that no further specific treatment and/or diagnostic testing would improve his condition. Dr. Guberman cited Mr. Withers's degenerative process at C5-6, as seen on MRI. In a November 28, 2012, letter, Dr. Coffman stated that Mr. Withers was permanently and totally disabled due to chronic pain syndrome and degenerative lumbosacral

disease. The Office of Judges determined in the instant matter that Dr. Coffman requested a TENS unit and a referral to Dr. Stoll to treat back pain. However, back pain is a broad diagnosis that does not indicate the reason for the treatment and referral or provide a causal connection to the compensable injury. The Office of Judges found that in his most recent reports, Dr. Coffman's treatment was for degenerative lumbosacral disease, a non-compensable condition. The Office of Judges concluded that the requested treatment was for non-compensable conditions and not the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 26, 2015.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Withers has been found to be at maximum medical improvement for the compensable injury by Drs. Mukkamala, and Guberman. The evidence of record indicates that if he does require the requested treatment and referral, it is necessary to treat non-compensable conditions only.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker